# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| FOREST M. MITCHELL,<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 5:08-CV-70 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>    Defendant | )<br>)<br>)<br>) | |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405(g)

The defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the Commissioner's decision with a remand of the cause to the Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the administrative law judge will be instructed to: (1) reevaluate the evidence in the record, including the new evidence submitted with the request for Appeals Council review, to determine if Plaintiff's alleged impairments of substance abuse disorder, encephalopathy, and depression are severe impairments; (2) reevaluate the state agency physician's mental residual functional capacity assessment to determine whether Plaintiff's alleged substance abuse disorder, encephalopathy, and depression cause nonexertional limitations; and, (3) obtain evidence from a vocational expert to determine the extent to which Plaintiff's nonexertional limitations, including those experienced as side effects of Plaintiff's medication, erode the occupational base for light work and to determine whether Plaintiff can perform other work that exists in significant numbers in the national or regional economy.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42

U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g), with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

    **SO ORDERED**.

Signed: March 6, 2009

Carl Horn, III
United States Magistrate Judge